RECEIVED
IN LAKE CHARLES, LA.

MAY - 7 2013

TONY R. MOORE, CLERK
BY_____PAT_____
DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| BOBBY WILLIAMS | : | DOCKET NO. 10-1798 |
| VS. | : | JUDGE TRIMBLE |
| KTVE/KARD TV STATION, NEXSTAR CORP. A/K/A NEXSTAR BROADCASTING OF LOUISIANA, INC., XYZ INS. CO. AND RANDALL KLAM, INDIVIDUALLY | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is "Defendant's Motion for Summary Judgment" ( R. #41) filed by defendants, KTVE/KARD TV Station, and Nexstar Corporation a/k/a Nexstar Broadcasting of Louisiana, Inc.(the "Station") who move the court to dismiss plaintiff's claims against them. For the following reasons, the motion for summary judgment will be granted dismissing with prejudice all of plaintiff's claims.

## FACTUAL STATEMENT

On or about March of 2007, plaintiff was hired as a part-time master control operator for KTVE/DARD TV station. On June 18, 2007, plaintiff went from a part-time status to a full-time status making $7.50 per hour; he also became eligible for benefits. In June or July 2007, a part time field position became available. John Bailey Martin, a Caucasian employee who was working as an in-studio photographer, was offered and took the position. In July 2008, the part-time field photographer position became available again. The position paid $7.50 per hour with no eligible benefits and was filled by Adam Ballard, a Caucasian. Mr. Ballard resigned in August of 2008 and

the position was filled by another part-time employee, David Karakash, a Caucasian.  Again, the position was part-time, without full-time benefits and paid $7.50 per hour.  In December 2008, the Station hired Gerald Cahee, an African American, as a field photographer.

In February 2009, plaintiff requested and received leave under the Family Medical Leave Act for "stress." During his leave he applied to work as a bus driver at Monroe's First Transit. When his leave ended, he declined to return to work.  During his employment, plaintiff made no internal complaints of discrimination or harassment because of race.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4]  Once the movant makes this showing, the burden shifts to the non-

---

[1]  Fed. R.Civ. P. 56(c).

[2]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3]  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4]  Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

moving party to set forth specific facts showing that there is a genuine issue for trial.[5]  The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6]  There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7]  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

In the instant lawsuit, plaintiff alleges that he was discriminated against on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. Defendants maintain that plaintiff cannot establish his burden of demonstrating a *prima facie* claim of race discrimination, and even if he could, defendants have a legitimate, non-discriminatory reasons for their employment actions, and plaintiff cannot rebut the those reasons by demonstrating they were mere pretext for discrimination.  Defendants further maintain that plaintiff cannot show that his working environment was racially hostile or abusive.

The evidentiary framework for analysis of Title VII disparate treatment claims was established by the Supreme Court in McDonnell Douglas Corp. v. Green.[9]  In order to overcome a

---

[5] Anderson, 477 U.S.  at 249.

[6] Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

[9] 411 U.S. 792 (1973).

3

motion for summary judgment on a Title VII discrimination claim, the plaintiff must first establish by a preponderance of the evidence, a *prima facie* case of discrimination.[10]  Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the employer to proffer a legitimate non-discriminatory reason for its decision.[11]

*Failure to promote*

Plaintiff alleges that defendants failed to promote him to the position for field photographer. Defendants maintain that plaintiff cannot establish each element of his *prima facie* case for discriminatory failure to promote which are; (1) he was a member of a protected class; (2) he was qualified for the position sought; (3) his request for promotion was rejected and (4) his employer continued seeking applicants or promoted an individual outside the protected class possessing fewer qualifications for the position.[12]

Specifically, defendants maintain that plaintiff cannot establish the second, third, or fourth element of his *prima facie* claim of discrimination. First, plaintiff suffered no adverse employment action.  Ultimate employment decisions include discharges, demotions, denial of pay increases, and failure to promote.[13] Plaintiff alleges that defendant's failure to promote him to a field photographer constituted an adverse employment action.  Defendants argue that plaintiff has presented no evidence

---

[10]  Id. at 802-04; Manning v. Chevron Chemical Co., 332 F.3d 874 (5th Cir. 2003); Haynes v. Pennzoil Co., 207 F.3d 296, 300 (5th Cir. 2000); Shackleford v. Dloitte & Touche, 190 F.3d 398, 404 (5th Cir. 1999).

[11]  McDonnell Douglas, 411 U.S. at 802.

[12]  Hymes v. City of Natchitoches, 2012 U.s.Dist. LEXIS 148100 (W.D. La. Oct. 10, 2012) (Trimble, Jr.) citing Celestine v. Petroleos de Venezuela, S.A., 266 F.3d 343 (5th Cir. 2001).

[13]  Hernandez v. Crawford Bldg. Material Co., 321 F.3d 528 (5th Cir. 2003).

4

that a change of classification from master control operator to a field photographer assignment would be a promotion.  Plaintiff's position as a master control operator was a full-time position which paid $7.50 per hour and made him eligible for other benefits.  The position of field photographer was part-time, paid $7.50 per hour and was not eligible for benefits.  Plaintiff submits as summary judgment evidence, his own deposition wherein he opines that the field photographer position is a promotion asserting that it was a more prestigious position because the photographer went "out and about" with the reporter."[14] The first field photographer position in 2007 was filled by someone who had been working as cameraperson whereas, plaintiff was a new employee.  Plaintiff was not considered for the field photographer position because he was a full time employee and the position which paid the same hourly wage was part time.  Defendants have demonstrated a legitimate, non-discriminatory reason for the employment decisions. Plaintiff has submitted no summary judgment evidence to suggest that the Station's legitimate, non-discriminatory reasons for the employment decisions in question were mere pretext for unlawful discrimination or were motivated by discriminatory intent.

Defendants further assert that plaintiff cannot establish that the Station treated Caucasian employees more favorably in the selection of field photographers. The first person who was hired as a field photographer in June 2007 was John Bailey Martin, a Caucasian. At that time, plaintiff had been an employee for about three months.  Plaintiff has presented no evidence that he was more qualified for the position than John Bailey Martin.

The field photographer position that was available in July of 2008 and also in August of 2008 was filled by Caucasian males. Plaintiff has failed to submit summary judgment evidence that this

---

[14] Plaintiff's exhibit A, Bobby Williams depo., p. 32.

was an adverse employment action ( the position paid $7.50 per hour, was part time and without

benefits), and/or that he was more qualified than the employees who were placed in that position

(plaintiff had no training or work experience for this position).  The court finds that plaintiff has

failed to submit summary judgment evidence to create a genuine issue of material fact for trial as to

his failure to promote claim.

*Hostile work environment claim*

        Plaintiff bases his hostile work environment claim on the following incidents: (1) a co-anchor

inquired as to why black people like to eat so much fried chicken, (2) that same co-anchor asked a

station employee why he had a tattoo since his skin was so black she could not see it, (3) a news

director said black people like to eat watermelon, (4) an employee at the Station posted an audition

tape plaintiff had made at the Station on YouTube under the rubric, "Soul Man Anchor," and (5) a

station employee wrote "Turkey on Plasma" on a rundown sheet referencing a story by an African-

American reporter; the story was being run on Thanksgiving and being presented on a plasma screen.

        To establish a hostile work environment claim, plaintiff must prove that: (1) he belongs to

a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained

of was based on race; (4) the harassment complained of affected a term, condition, or privilege of

employment; and (5) the employer knew or should have known of the harassment in question and

failed to take prompt remedial action.[15]

        A "hostile environment" is one that does not affect an employee's economic benefit, but

instead creates a hostile or offensive work environment.  For racist comments, slurs, and jokes to

---

        [15] Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002) (citing Celestine v. Petroleos de Venezuela, SA, 266 F.3d 343, 353 (5th Cir. 2001)).

constitute a hostile environment, there must be more than a few isolated incidents of racial enmity. Incidents of rude behavior without more are insufficient to create an actionable hostile work environment claim.[16]   The Supreme Court has summed up the jurisprudence concerning hostile environment harassment as follows:

> [The] standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a "general civility code." Properly applied, they will filter out complaints attacking "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment.... (Citations omitted).[17]

A "hostile" work environment is defined, under the totality of the circumstances, by factors such as the frequency of the discriminatory conduct, its severity, its nature (e.g., humiliating, physically threatening, or merely an offensive utterance), and by whether it unreasonably interferes with an employee's work performance.[18] Title VII only bars conduct that is so severe and pervasive that it destroys a protected class member's opportunity to succeed in the workplace.[19]

The court finds that the alleged incidents complained of by plaintiff were not extreme, severe or pervasive. Furthermore, they did not affect a term, privilege or condition of employment. As noted by the Fifth Circuit, "[s]tray remarks are insufficient to create an inference of . . .

---

[16] Hicks v. Central Louisiana Elec. Co. Inc., 97-1232 (La.App. 1st Cir. 5/15/98), 712 So.2d 656.

[17] Faragher v. Boca Raton, 524 U.S. 775,788 (1998).

[18] Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993).

[19] Shepherd v. Comptroller of Public Account of State of Texas, 168 F.3d 871, 874 (5th Cir. 1999), cert. denied, 588 U.S. 963 (1999).

7

discrimination."[20] Furthermore, these remarks and/or incidents were not directed toward plaintiff. The court finds that the incidents plaintiff complains of do not rise to the level of "severely hostile and abusive."[21] Finally, even if the complained of events were sufficient to establish a hostile work environment, plaintiff has failed to allege and/or establish that the Station knew or should have known of the alleged harassment and failed to take action.[22]

*Retaliation*

To prevail on a retaliation claim, the plaintiff must show that (1) he engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse employment action.[23] The Station remarks, that even though plaintiff did not plead a claim of retaliation in his EEOC or his Complaint, his deposition testimony revealed that after he filed his claim, he was treated differently. Out of an abundance of caution, the Station submits that plaintiff has no claims for retaliation because he can show no link between his race and any alleged adverse employment action. Notably, the field photography positions were filled before plaintiff filed his EEOC charge and plaintiff's only complaint was that after he filed the EEOC charge, everybody's attitudes had changed. The court notes that plaintiff has conceded that he did not allege a retaliation claim in his complaint. Accordingly, the court finds that to the extent plaintiff complains of retaliation, plaintiff cannot establish the elements of a retaliation

---

[20] Wyvill v. United Companies Life Ins. Co., 212 F.3d 296, 304 (5th Cir. 2000).

[21] Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81-82 (1998).

[22] Burlington Indus. v. Ellerth, 524 U.S. 742, 761-63 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 808 (1998).

[23] Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002).

8

claim.

## **CONCLUSION**

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice all of plaintiffs Title VII and section 1981 claims of discrimination.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this ___7th___ day of May, 2013.

JAMES T. TRIMBLE, JR.
UNITED   STATES   DISTRICT   JUDGE

9